1 ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
2
THOMAS A. COLTHURST (CABN 99493)
3 Chief, Criminal Division

4 SOPHIA COOPER (CABN 320373)
Assistant United States Attorney
5
    450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102-3495
    Telephone: (415) 436-6473
7     FAX: (415) 436-7234
    Sophia.Cooper@usdoj.gov
8
Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-cr-00218-JSC |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] ATTORNEYS-EYES-ONLY PROTECTIVE ORDER |
| v. | |
| NICOL PALMA, | |
| Defendant. | |

With the agreement of the parties, the Court enters the following Attorneys-Eyes-Only Protective Order, referred to hereafter as the "Order":

The United States will identify for production to the defense team certain personnel files and related documents of law enforcement agencies, referred to hereafter as "Law Enforcement Personnel Records" or "Records." The United States will mark these Law Enforcement Personnel Records as "CONFIDENTIAL—SUBJECT TO ATTORNEYS-EYES-ONLY PROTECTIVE ORDER" or by providing written notice specifically identifying discovery materials as Law Enforcement Personnel Records.

To ensure that Law Enforcement Personnel Records are not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED THAT**:

1. The contents of the discovered personnel files and related documents shall not be disclosed in any form to any other person by defense counsel except to the client, an investigator for the client, or staff person of defense counsel (collectively, with defense counsel, the "Defense Team"), and then only for the specific purposes relating to defending the client in this case.

2. The Defense Team shall not directly provide the defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any Records, including discovery material produced by the government that contains Records, unless the Records have first been entirely redacted from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.

3. The defendant and all members of the Defense Team who receive, view, or are otherwise made aware of the contents of the Records shall be provided a copy of this Order and shall sign and date the Order reflecting their agreement to be bound by it prior to receiving, viewing, or otherwise being made aware of the contents of the Records. A copy of this Order shall be maintained with the Records at all times.

4. Unless expressly authorized by this Court, no information derived from the Records including but not limited to the identity of witnesses or complainants, number of complaints, location of any incident or the existence of a complaint, may be disclosed to any individual or entity for any other use, including, for example, any disclosure in any unrelated case or proceeding where the person whose personnel files and related documents have been disclosed is a witness.

5. If defense counsel determines that additional persons are needed to review the Records, he or she must obtain a further order of the Court before allowing any other individual to review the materials. Defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection.

6. No photocopies shall be made of the Records disclosed to the defense without express authorization of the Court. Nor shall the contents of the personnel files or related documents be transcribed or duplicated by any other means.

7. The parties may not use the Records in any court proceeding or otherwise disclose any portion of the Records or their contents absent further order of this Court. If, after a review of the Records, defense counsel believes that material contained therein is admissible at trial, the defense shall make an appropriate *in limine* motion seeking admission of the material at issue. The motion shall be made under seal (accompanied by a request to file under seal) in order to comply with this Order regarding the public disclosure of the Records.

8. Within ten (10) working days of the final judgment or other final disposition of the instant case, any and all Records released under this Order shall be destroyed or returned to the government whether or not a specific request has been made for the return of said documents. No information derived from the disclosed Records may be used for any subsequent purpose or retained in any form including any data base or files, absent further order of this Court.

9. This Order applies to all attorneys associated with the above case who have knowledge of this Order regardless of the nature of their involvement in the case.

10. All persons who come into possession of the Records disclosed pursuant to this Order are required to advise any other persons receiving disclosure of any of these Records of the terms of this Order.

11. A willful violation of this Order shall constitute a criminal contempt of Court for which sanctions are provided by law. The parties who agree to receive information which is subject to this Order agree that this Court has jurisdiction to enter this Order.

**IT IS SO STIPULATED.**

DATED: September 25, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Sophia Cooper*
SOPHIA COOPER
Assistant United States Attorney

DATED: September 25, 2023

*Richard Tamor* (digitally signed 2023.09.26)
RICHARD TAMOR
Counsel for NICOL PALMA

**IT IS SO ORDERED.**

DATED: September 28, 2023

*Jacqueline Scott Corley*
HON. JACQUELINE SCOTT CORLEY
United States District Judge